## McLAUGHLIN v. NEWTON.

An administrator may present his private claim against the estate to the
judge of probate, and have the same allowed even after the expiration
of six years from the date of his appointment.

If there is no contest concerning such claim, the judge of probate passes
upon it, and if he allows it, it is added to the list of claims allowed by
the commissioner, if the estate is administered as an insolvent estate.

If such claim is contested, the judge may refer it to referees, whose decision
is made final between the parties without right of appeal.

The parties may agree, in writing, that the judge of probate shall decide
upon this claim as referee; and in such case, his report is final and
conclusive between the parties.

APPEAL, by David McLaughlin, guardian of Charles A. Newton,
against Francis J. Newton.

The following facts were agreed: The appellee, in this case, is
administrator of Charles L. Newton, late of Unity, in the county of
Sullivan, deceased, having been appointed as such administrator on the
11th day of February, 1865, and duly accepted said trust by giving
bond according to law.   The said Charles A. Newton is heir-at-law of
said Charles L. Newton, deceased.   Mary M. Newton was appointed
joint administratrix with said Francis J., at the same time, also giving
bond as the law requires.   On the 17th day of January, 1871, the judge

of probate for Sullivan county, on the previous petition of said Mary M. Newton, issued his citation, bearing date on said 17th day of January, requiring said Francis J. to settle his account of administration of the estate of said Charles L. Newton, deceased, at the probate court, then to be held at Newport, in said county, on the last Wednesday of February, 1871. The matter was continued from term to term of said court, until the term held at Newport, on the last Wednesday of February, 1872, when the said administration account was settled. On the settlement of his said administration account, said Francis J. Newton, conformably to notice given by him as the law requires, presented for allowance by said judge of probate his private claim against the estate of said Charles L. Newton, which consisted of the following items, viz., a promissory note, signed by said deceased, of the tenor following: "$100. Unity, Aug. 9, 1862. For valued received, I promise to pay F. J. Newton, or bearer, one hundred dollars on demand, with interest annually. (Signed) Charles L. Newton." Also a note of the tenor following: "$50. Unity, Oct. 14, 1863. For value received, I promise to pay F. J. Newton, or bearer, fifty dollars on demand, with interest annually.

Revenue Stamp.
1 cent. Cancelled.

(Signed)          CHARLES L. NEWTON."

· Also, a note (which said Francis J. Newton testified was given for the debt of said deceased, and paid by him, said Francis J. Newton, Dec. 26, 1863) of the tenor following: "100 doll.——cents. Sugar River Bank, Sept. 23, 1863. For value received, we, each as principal, jointly and severally promise to pay Sugar River Bank, or bearer, at said bank, one hundred dollars$_{100}$ on demand, with interest after ninety days. And we also agree that said bank may enforce, delay, or extend the payment of this note at pleasure, without affecting our liability thereon.

Revenue Stamp.
3 cents. Cancelled.

(Signed)          CHARLES L. NEWTON.
FRANCIS J. NEWTON."

To the allowance of the said claim of said Francis J. Newton, being for the amount of the three notes above mentioned, including the interest thereon, the said David McLaughlin, guardian as aforesaid, objected, on the ground that the same was barred by the statutes of the state of New Hampshire relating thereto. But the said judge of probate, notwithstanding said objection, decreed that said claim be allowed against the estate of said deceased, to the amount of $404.91; from which decree said McLaughlin, within the time by law prescribed, appealed to the supreme judicial court.

It was agreed by the parties, that upon the above statement of facts the supreme judicial court should render judgment according as they find the law to be.

The case was afterwards amended by adding, from the records of the court of probate for Sullivan county, the following:

"STATE OF NEW HAMPSHIRE.
" In the Probate Court, December 28, 1871.
" It is agreed by the parties, that the individual claims of Francis J.

Newton, one of the administrators of the estate of Charles L. Newton, deceased, against said estate, may be heard and determined by the judge of probate."

The above agreement was signed by all the parties interested in the court of probate, and the same was agreed to be made a part of this case.

*Burke*, for the appellant.

I. The private claims of the administrator must be presented on the settlement of his administration account—Gen. Stats., ch. 180, sec. 16—and he is required by his bond to render an account of his administration in one year. Gen. Stats., ch. 176, sec. 12.

No suit can be sustained against any administrator for any cause of action against the deceased, after the lapse of one year next after the original grant of administration. Gen. Stat., ch. 179, sec. 5. If the estate is settled in the insolvent course, the claims of the creditors must be presented to the commissioner for allowance during the time limited in his commission. Gen. Stat., ch. 180, secs. 3 and 14. The private claim of the administrator must be added to the list of claims allowed by the commissioner, and before the decree of distribution. By requiring that the claim of the administrator shall be added to the list of claims, the law implies that it should be presented to the judge of probate for allowance before the claims allowed by the commissioner have been paid; and that, if the estate is insolvent, the claim of the administrator should be paid *pro rata*, like the claims of other creditors.

In this case, the claim of the administrator was not presented and added to the list of claims allowed by the commissioner, as required by law. It was not presented to the judge of probate until quite six years after his administration bond was filed.

II. The administrator in this case was guilty of *laches*, by which his claim is barred. *Hall* v. *Woodman*, 49 N. H. 275. The administrator ought not to be more highly favored than other creditors. The claims of other creditors are barred after the lapse of three years, when the estate is not settled in the insolvent course. If the administrator shall neglect to present his account of administration and his claim to the judge of probate within that time, it is but just that he should suffer as the creditor suffers by his neglect. When the estate is settled in the insolvent course, if the administrator does not present his claim, and have it added to the list of claims, and take his *pro rata* distribution, he must suffer as other creditors suffer who fail to present their claims to the commissioner.

III. The statute of limitations attaches to the claim of the administrator as it does to all debts.

In the event of the decease of the debtor, if otherwise the debt would be barred by the statute, it is suspended for such time as the law deems reasonable for the presentation and allowance of the claim

against the estate. If it is not presented and allowed during that time, it is of course barred. If the creditor, even if he is the administrator, neglects to avail himself of the provisions of the law for the presentation and allowance of his claim, it is barred even before the six years have expired.

The principle embodied in the statutes with regard to this subject, before cited, as applied to other creditors, is a proper one to be applied to the administrator.

*Barton*, for the appellee.

The notes which constituted the private claim of the administrator against the intestate were not barred by the statute of limitations, and were therefore properly allowed by the judge of probate. Such claims are to be examined, and, if just, allowed by the judge, on settlement of the administrator's account. Sec. 16, ch. 80, Gen. Stats. The time within which an action must be brought against an administrator does not apply to cases of this kind. An administrator cannot commence an action for a private claim, so long as he stands in a fiduciary relation to the intestate.

The act of taking administration places the estate in his control. This is deemed equivalent to the commencement of a suit. *Grinnell* v. *Baxter*, 17 Pick. 385.

The general statute of limitation of six years does not affect trusts. *Hemminway* v. *Gates*, 5 Pick. 322; *Farnam* v. *Brooks*, 9 Pick. 244; *Mathes* v. *Bennett*, 21 N. H. 218.

As between trustee and *cestui que trust*, the statute of limitations has no application, and no length of time is a bar. Perry on Trusts, pp. 783 and 784, and numerous authorities there cited. The claim of the administrator was presented within a reasonable time. The evidence before the judge of probate showed conclusively that all the delay, if any there was, on the part of the administrator, was the result of a desire to realize more on the sale of a large amount of wool belonging to the estate. Besides this, the administrator could have been cited in at any time.

Administrators are entitled to a reasonable time in which to settle their estates. *Hall* v. *Woodman*, 49 N. H. 308.

The case shows that the notes in question had been running but about two years at the time the appellee took upon him the duties of administrator, and, unless then barred, they were not afterwards affected by the lapse of time. Angell on Limitations, ch. 16, secs. 167, 174. It is not pretended by the appellant that the delay of the administrator to present his private account disturbs any titles acquired, or any distribution made. The administrator does not ask for a license to sell property to obtain the means to satisfy his said claim. The settlement shows that, after the allowance of said claim, there was still a considerable sum in the hands of the administrator. But this appeal is not well taken, and must be dismissed, the appellant and appel-

lee having agreed in writing that the judge of probate should make a final decision between the parties as to the allowance of said claim, which agreement is now on file in the office of the probate court for said county, and made a part of this case. See sec. 17, ch. 80, Gen. Stats.

SARGENT, C. J. As this case was originally presented, it raised the question, whether a claim of an administrator against the estate is barred by the statute of limitations, either the three years' limitation, applicable to other claims against the estate of a deceased person, or the six years' limitation, which is applicable to claims in general, except to those against estates of persons deceased.

We believe the cause of justice would be promoted by holding that it is the duty of the executor or administrator to plead this general statute of limitations in all cases of claims against the estate to which it applied, though it has been held otherwise; and we also think that it would be just to hold, if that were the law, that an administrator, who did not present his private claim against the estate so that it could be allowed within three years from the date of his appointment, should not be allowed to present it, or to have it allowed afterwards; but we do not find the law to be so. And, in the absence of such a law, we know of no reason why the administrator may not, as in this case, prove his claim against the estate, and have it allowed, even after the expiration of six years from the date of his own appointment as administrator. The only remedy that those interested in the estate now seem to have is, that they may, any of them, if they choose, call on the administrator to settle his account, and to present his private claim, if he has any, at any time after the year has expired, within which it is his duty to settle his account and present his claim.

But the amendment in this case gives a new complexion to the whole case. The case before was an agreed case upon an appeal from the decision of the judge of probate allowing the private claim of the administrator against the estate of his intestate. But the amendment shows that the decision upon this claim was made by the judge of probate, as referee, under a written submission signed by all the parties interested, in which case the decision of the referee would be final and conclusive, and there would be no appeal from the same, nor would there be any right of appeal on the part of the administrator or of the creditor. It was a voluntary submission under the statute, which was designed to be final, and to take the place of an appeal and trial by jury in ordinary cases. The design was to expedite the settlement of estates. This estate was settled as an insolvent estate, a fact not stated in the case or the amendment, but which is a fact having an important bearing in its decision.

The statute regulating the proceedings in this case are secs. 16 and 17 of chap. 180, General Statutes, and are as follows: 16. "Any claim of the administrator against the estate shall not be examined or allowed by the commissioner, but the same shall be examined and

allowed, if just, by the judge, on the settlement of his administration account, and added to the list of claims,—notice of such claim being given in the citation to the heirs and others to hear such account." 17. "If such claim is contested by any heir or creditor, the judge, unless the parties agree in writing that he shall decide it, shall refer the same to one or more referees, whose report, when accepted by the judge, shall be final, and the amount allowed placed on the list of claims."

If there is no contest in regard to, or objection to, the allowance of such claim, then the judge passes upon the claim, and it is added to the list of claims.    There is, of course, no appeal, nor any chance for any ; but when there is any contest in relation to the claim, it is not desirable that the judge should thus pass upon the claim, and have an appeal in which the administrator, as an individual, would be contending against himself in his official capacity, which could not be desirable, to say nothing of the propriety of such a course.    Instead of this course, the law provides that the judge of probate, instead of undertaking to decide upon the claim himself, shall appoint one or more referees, to whom the claim shall be referred, and whose report, when accepted by the judge of probate, shall be final ; or, the parties might agree in writing that the judge should decide it for them, instead of the referees, and it was of course intended that his decision, when made as referee acting under the written submission of the parties, should be final,—at least, as much so as the report of the referees, whom he was authorized to appoint without their agreement or consent.

We find this whole question settled in *Piper* v. *Clark*, 18 N. H. 415, the opinion by PARKER, C. J., in which, after recapitulating the statute in precisely the terms in which it now exists, he says,—" The statute seems to have intended that the proceedings, upon the private claim of the administrator against the estate, should be final in the probate court.    When the claim is committed to the determination of referees, their report is made final in express terms, and it could not have been intended that the decision should be less so when the parties agree that the judge shall decide the controversy.    He acts as referee in such case by agreement.    The case is not, therefore, within the general provision for appeals from all the decrees, etc., of the judge of probate.    If the legislature could make the proceedings in the probate court final, they have done so, and there can be no doubt of their power to make the decision of a tribunal, agreed upon by the parties, final and conclusive, and to take away all right of trial by jury, after a regular decision of the matter founded upon such an agreement.    If the parties had not agreed that the judge should decide, but the case had been referred by him under the provisions of the 17th section, the question might have arisen whether the legislature had the constitutional power to deprive the party of a trial by jury.    But the administrator, by the acceptance of his office, may, perhaps, be held to have waived any claim to such trial, even when the case is referred by the judge."

We think the administrator waives any such right, not only by

accepting his office with full knowledge of the provision of the law in that regard, but that he also waives such right by voluntarily accepting a place which necessarily makes him, in a sense, a party on both sides of the question; for, although the law gives to an heir, or a creditor, the right to contest such claim, yet the real contest is between the individual and the officer, both being the same man.

In this case the parties agreed, in writing, that this claim of the administrator against the estate "may be heard and determined by the judge of probate;" and he having determined it, there is no appeal from his decision, and no case properly before us.

*Case discharged.*